IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Amanda Wentz,                          )
                                       )     2:12-cv-1194-GEB-GGH
          Plaintiff,                   )
                                       )
     v.                                )     ORDER
                                       )
Taco Bell Corp.,                       )
                                       )
          Defendant.                   )
_____       )

Defendant seeks an order that would strike or stay Plaintiff's California Private Attorney General Act ("PAGA") claim. (ECF No. 14.)

Defendant argues this claim should be stricken under Federal Rule of Civil Procedure ("Rule") 12(f) because it is "identical to [a PAGA claim] already being litigated" in a pending case in the Eastern District of California, and is therefore redundant. Plaintiff rejoins that the PAGA claims are not identical since "the two separate actions seek civil penalties for two entirely different time periods." Defendant failed file a reply brief and has not shown that Plaintiff's PAGA claim should be stricken under Rule 12(f). Therefore this portion of the motion is denied.

Defendant argues "[i]n the alternative, [that Plaintiff's] PAGA claim should be stayed in deference to the first filed . . . matter[,]" under Landis v. North American Co., 299 U.S. 248 (1936). Plaintiff opposes the requested stay, arguing that the stay motion should be denied since the PAGA claims "do not involve the same time

1

1 period and litigation of the PAGA claims in both actions will not expend

2 unnecessary time or resources[, and] . . . [a]ny stay of the PAGA claims

3 would only waste time[.]"

4    Landis "establish[es] the general principle that a district

5 court possesses the inherent power to control its docket and promote

6 efficient use of judicial resources." Dependable Highway Exp., Inc. v.

7 Navigators Ins. Co., 498 F.3d 1059, 1066 (9th Cir. 2007) (citing Landis,

8 299 U.S. at 254). "Landis cautions that if there is even a fair

9 possibility that the stay . . . will work damage to some one else, the

10 stay may be inappropriate absent a showing by the moving party of

11 hardship or inequity." Id. (citation and internal quotation marks

12 omitted). "[B]eing required to defend a suit, without more, does not

13 constitute . . . hardship or inequity within the meaning of Landis."

14 Lockyer v. Mirant Corp., 398 F.3d 1098, 1112 (9th Cir. 2005). Defendant

15 has not shown that a stay is warranted under Landis in this case.

16    For the stated reasons, Defendant's motion is denied, and the

17 hearing currently scheduled for September 10, 2012 is vacated.

18    In addition, the parties in this action filed a stipulation

19 and proposed order in which the undersigned judge transfers Plaintiff's

20 PAGA claim to the district judge presiding over the earlier filed

21 action. (ECF No. 22.) This ruling is not authorized under the applicable

22 local rule. Therefore, the stipulation is stricken.

23 Dated:  September 7, 2012

24

25    _____
     GARLAND E. BURRELL, JR.

26    Senior United States District Judge

27

28

2