IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Amanda Wentz,

Plaintiff,

v.

Taco Bell Corp.,

Defendant.

2:12-cv-01194-GEB-GGH

ORDER*

On October 25, 2012, Plaintiff Amanda Wentz ("Wentz") and Defendant Taco Bell Corp. ("TBC") (Wentz and TBC are collectively referred to hereinafter as the "Parties") filed a joint motion in which they seek an order severing Wentz's claims alleged under the Private Attorneys' General Act ("PAGA"), California Labor Code section 2698 *et seq.*, and an order which transfers the severed claims to a specific judge in the Fresno division of this district under 28 U.S.C. § 1404(a). On the same date, the Parties also filed a joint motion in which they seek an order extending TBC's date to respond to the First Amended Complaint by 14 days, until November 9, 2012,

> to allow the Parties time to attempt to resolve the claims for relief pending before this Court through settlement, and, if a settlement is not reached, allow Wentz time to complete the process of transferring her PAGA claims to the Court of Judge O'Neill and relieve TBC from the time and expense responding to the FAC which will be altered, or superseded . . . .

* This matter is deemed suitable for decision without oral argument. E.D. Cal. R. 230(g).

(Joint Mot. to Extend Time 3:24-4:2, ECF No. 33.)

The joint severance motion is decided first. Since the Parties agree that Wentz's PAGA claims should be severed from her pendant state claims, the severance motion is granted. However, rather than creating separate action for the resulting separate cases, Wentz's severed state claims will be remanded to the state court from which they were removed. See Cox v. Sugg, 484 F.3d 1062, 1068 (8th Cir. 2007)(applying § 1367(c)(3) in a severance context).

Under 28 U.S.C. § 1367(c)(3), a district court "may decline to exercise supplemental jurisdiction over a [state] claim" if "all claims over which it has original jurisdiction" have been dismissed. The "discretion [whether] to decline to exercise supplemental jurisdiction over state law claims is triggered by the presence of one of the conditions in § 1367(c), [and] is informed by the . . . values of economy, convenience, fairness and comity" as delineated by the Supreme Court in Gibbs. Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (internal quotation marks omitted). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [the] factors to be considered . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

Judicial economy does not favor continuing to exercise supplemental jurisdiction since time has not been invested analyzing the state claims. See Otto v. Heckler, 802 F.2d 337, 338 (9th Cir. 1986) ("[T]he district court, of course, has the discretion to determine whether its investment of judicial energy justifies retention of jurisdiction or if it should more properly dismiss the claims without prejudice.") (citation omitted). Nor do the comity and fairness factors

weigh in favor of exercising supplemental jurisdiction since "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." Gibbs, 383 U.S. at 726. Therefore, all of Wentz's state claims except for her PAGA claims are remanded to the Superior Court of California in the County of Solano, from which this case was removed.

The Parties' joint motion to transfer Wentz's PAGA claims to a specific judge in the Fresno division of this district is denied since the parties have not provided adequate authority supporting this request, and the request appears dependent upon that assignment. Further, the Court questions the appropriateness of this request since the Parties' state in their motion to transfer that TBC sought to have this case consolidated with the Fresno case and that the motion to consolidate was denied by a judge in the Fresno division of this district.

Lastly, the Parties' joint motion for an order extending TBC's deadline to respond to the FAC to November 9, 2012 is granted.

Dated: October 26, 2012

GARLAND E. BURRELL, JR.
Senior United States District Judge