1
2
3
4
5
6
7
8
9          **IN THE UNITED STATES DISTRICT COURT**
10          **FOR THE EASTERN DISTRICT OF CALIFORNIA**
11
12
| AMANDA WENTZ, | CASE NO. CV F 12-1813 LJO DLB |
|---|---|
| Plaintiff, | **ORDER ON TACO BELL CORP.'S F.R.Civ.P. 12(b)(6) MOTION TO DISMISS AND ALTERNATIVE MOTION TO STAY** |
| vs. | (Doc. 37.) |
| TACO BELL CORP., | |
| Defendant. | |

_____/

19                          **INTRODUCTION**

20          Defendant Taco Bell Corp. ("TBC") seeks to dismiss plaintiff Amanda Wentz' ("Ms. Wentz'")

21  remaining claim under the Private Attorneys General Act ("PAGA"), Cal. Labor Code, §§ 2698, et al.,

22  given remand of Ms. Wentz' predicate wage and hour claims.  Alternatively, TBC seeks to stay this

23  action pending resolution of Ms. Wentz' remanded claims.  Ms. Wentz responds that her PAGA claims

24  are supported adequately and that TBC fails to demonstrate a stay is warranted.  This Court considered

25  TBC's alternative F.R.Civ.P. 12(b)(6) and stay motions on the record and VACATES the December 10,

26  2012 hearing, pursuant to Local Rule 230(g).  For the reasons discussed below, this Court DISMISSES

27  without prejudice this action and REMANDS Ms. Wentz' remaining PAGA claim to the Solano County

28  Superior Court to rejoin her other claims.

1

1

## BACKGROUND

2

### Summary

3   Ms. Wentz worked as a TBC hourly employee during October 20, 2010 to August 3, 2011 in

4   Vacaville, California.  Ms. Wentz has proceeded on her First Amended Complaint ("FAC") to allege

5   wage and hour claims for violation of California statutes and wage orders, retaliation, wrongful

6   termination and related claims, and a PAGA civil penalties claim.  U.S. District Judge Garland Burrell's

7   October 29, 2012 order severed the FAC's PAGA claim and remanded the FAC's remanding state

8   claims to the Solano County Superior Court.  As such, only the FAC's PAGA claim remains before this

9   Court.  TBC seeks to dismiss the FAC's PAGA claim as unsupported without the predicate wage-and-

10  hour violations or alternatively to stay this action pending resolution of the parallel Solano County

11  Superior Court action.  Ms. Wentz responds that neither dismissal nor stay is warranted.

12

### Proceedings In This *Wentz* Action

13  On February 15, 2012, Ms. Wentz filed her original complaint to assert an individual action

14  against TBC in Solano County Superior Court to allege wage and hour, retaliation, harassment, wrongful

15  termination and tort claims.  On February 17, 2012, Ms. Wentz provided her original complaint and

16  written notice to the California Labor and Workforce Development Agency ("LWDA") and TBC of

17  alleged California Labor Code violations.  LWDA provided no notice to Ms. Wentz within 33 days that

18  it intended to investigate her alleged violations.  *See* Cal. Labor Code, § 2699.3(a)(2)(A).

19  On April 11, 2012, Ms. Wentz filed in Solano County Superior Court her FAC which added a

20  PAGA claim to seek civil penalties for alleged California Labor Code violations for herself and other

21  aggrieved employees for the time period January 13, 2011 to February 17, 2012, the date on which Ms.

22  Wentz provide her notice to LWDA.[1]

23  On May 3, 2012, TBC filed its papers to remove Ms. Wentz' action to this Court.  U.S. District

24  Judge Garland Burrell's October 26, 2012 order severed the FAC's PAGA claim from the pendant state

25  claims and remanded the state claims to the Solano County Superior Court.  This Court's November 6,

26  2012 order related this *Wentz* action to *In re Taco Bell Wage and Hour Actions*, Case No. F 07-1314 LJO

27

28  [1]      Ms. Wentz notes that under California law, her PAGA claim relates back one year from the date she filed her original complaint plus the 33-day tolling period.

2

1  DLB ("*In re Taco Bell*").

2  **The *In Re Taco Bell* Proceedings**

3  *In re Taco Bell* involves six consolidated actions in which nine plaintiffs proceed on a First

4  Amended Consolidated Complaint ("FACC") to pursue California Labor Code violations and related

5  relief.  Ms. Wentz notes that only one *In re Taco Bell* plaintiff, Lisa Hardiman ("Ms. Hardiman"),

6  appears to seek PAGA penalties and was employed by Taco Bell "from on or about July 31, 2004, to on

7  or about May 30, 2007."  Ms. Wentz further notes that Ms. Hardiman seeks PAGA penalties from April

8  11, 2007 to May 1, 2008, the date on which she provide LWDA notice under California Labor Code

9  section 2699.3.  Ms. Wentz continues that all other *In re Taco Bell* plaintiffs are likely barred by the one-

10  year limitations period to seek PAGA penalties in that they failed to allege PAGA relief and were

11  discharged by TBC no less than two years ago.  Ms. Wentz concludes that the *In re Taco Bell* plaintiffs

12  are limited to April 11, 2007 to May 1, 2008 for PAGA penalties based on the absence of notices to

13  LWDA seeking PAGA penalties for violations after May 1, 2008.

14  **DISCUSSION**

15  **F.R.Civ.P. 12(b)(6) Motion To Dismiss Standards**

16  TBC seeks dismissal of the FAC's PAGA claim and related allegations as devoid of facts in that

17  "they are mere recitations of PAGA and citations to the California Labor Code Sections Wentz contends

18  have been violated" and a related prayer for relief.

19  "When a federal court reviews the sufficiency of a complaint, before the reception of any

20  evidence either by affidavit or admissions, its task is necessarily a limited one.  The issue is not whether

21  a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the

22  claims." *Scheurer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683 (1974); *Gilligan v. Jamco Development

23  Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  A F.R.Civ.P. 12(b)(6) dismissal is proper where there is either

24  a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal

25  theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990); *Graehling v. Village of

26  Lombard, Ill.*, 58 F.3d 295, 297 (7th Cir. 1995).  A F.R.Civ.P. 12(b)(6) motion "tests the legal sufficiency

27  of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

28  In addressing dismissal, a court must:  (1) construe the complaint in the light most favorable to

3

1  the plaintiff; (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff

2  can prove any set of facts to support a claim that would merit relief.  *Cahill v. Liberty Mut. Ins. Co.,* 80

3  F.3d 336, 337-338 (9th Cir. 1996).  Nonetheless, a court is not required "to accept as true allegations that

4  are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead*

5  *Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  A court "need not

6  assume the truth of legal conclusions cast in the form of factual allegations," *U.S. ex rel. Chunie v.*

7  *Ringrose*, 788 F.2d 638, 643, n. 2 (9th Cir.1986), and must  not "assume that the [plaintiff] can prove

8  facts that it has not alleged or that the defendants have violated . . . laws in ways that have not been

9  alleged." *Associated General Contractors of California, Inc. v. California State Council of Carpenters*,

10  459 U.S. 519, 526, 103 S.Ct. 897 (1983).  A court need not permit an attempt to amend if "it is clear that

11  the complaint could not be saved by an amendment."  *Livid Holdings Ltd. v. Salomon Smith Barney,*

12  *Inc.*, 416 F.3d 940, 946 (9th Cir. 2005).

13          A plaintiff is obliged "to provide the 'grounds' of his 'entitlement to relief' [which] requires

14  more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not

15  do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554,127 S. Ct. 1955, 1964-65 (2007) (internal citations

16  omitted).  Moreover, a court "will dismiss any claim that, even when construed in the light most

17  favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan*

18  *Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).  In practice, a complaint "must contain

19  either direct or inferential allegations respecting all the material elements necessary to sustain recovery

20  under some viable legal theory." *Twombly*, 550 U.S. at 562, 127 S.Ct. at 1969 (quoting *Car Carriers,*

21  *Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

22          In *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937,1949 (2009), the U.S. Supreme Court

23  explained:

24                  . . . a complaint must contain sufficient factual matter, accepted as true, to "state
                a claim to relief that is plausible on its face." . . . A claim has facial plausibility when the
25              plaintiff pleads factual content that allows the court to draw the reasonable inference that
                the defendant is liable for the misconduct alleged. . . . The plausibility standard is not
26              akin to a "probability requirement," but it asks for more than a sheer possibility that a
                defendant has acted unlawfully.  (Citations omitted.)

27

28          After discussing *Iqbal*, the Ninth Circuit summarized: "In sum, for a complaint to survive

4

1  [dismissal], the non-conclusory 'factual content,' and reasonable inferences from that content, must be

2  plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d

3  962, 989 (9th Cir. 2009) (quoting *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949).

4      The U.S. Supreme Court applies a "two-prong approach" to address dismissal:

5          First, the tenet that a court must accept as true all of the allegations contained in
a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of
6  a cause of action, supported by mere conclusory statements, do not suffice. . . .  Second,
only a complaint that states a plausible claim for relief survives a motion to dismiss. . .
7  . Determining whether a complaint states a plausible claim for relief will . . . be a
context-specific task that requires the reviewing court to draw on its judicial experience
8  and common sense. . . . But where the well-pleaded facts do not permit the court to infer
more than the mere possibility of misconduct, the complaint has alleged – but it has not
9  "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

10          In keeping with these principles a court considering a motion to dismiss can
choose to begin by identifying pleadings that, because they are no more than conclusions,
11  are not entitled to the assumption of truth. While legal conclusions can provide the
framework of a complaint, they must be supported by factual allegations. When there are
12  well-pleaded factual allegations, a court should assume their veracity and then determine
whether they plausibly give rise to an entitlement to relief.

13

14  *Iqbal*, 556 U.S. 662, 129 S.Ct. at 1949-1950.

15      With these standards in mind, this Court turns to TBC's challenge to the FAC's PAGA claim.

16  **Absence Of Predicate Claims**

17      The FAC's PAGA claim cites to PAGA and to predicate California Labor Code sections which

18  the FAC alleges TBC has violated.  The PAGA claim concludes that Ms. Wentz is "entitled to civil

19  penalties, attorneys' fees, and costs."

20      TBC argues that the FAC's PAGA claim depends on establishing liability on the wage and hour

21  claims pending in the Solano County Superior Court and that "severance destroyed Wentz's PAGA

22  claims by obliterating the necessary underlying allegations."

23      PAGA provides that certain civil penalties assessed and collected by the LWDA can be recovered

24  through a civil action brought by an aggrieved employee on behalf of himself or herself and other current

25  or former employees if certain procedural requirements are met. Cal. Lab. Code § 2699(a). It is

26  "fundamentally a law enforcement action designed to protect the public and not to benefit private

27  parties," wherein the aggrieved employee's action "functions as a substitute for an action brought by the

28  government itself." *Arias v. Super. Ct.*, 46 Cal.4th 969, 986–87, 95 Cal.Rptr.3d 588, 209 P.3d 923

5

1  (2009).

2      "The PAGA is limited to the recovery of civil penalties." *Villacres v. ABM Industries Inc.*, 189

3  Cal.App.4th 562, 579, 117 Cal.Rptr.3d 398 (2010). "It is simply a procedural statute allowing an

4  aggrieved employee to recover civil penalties—for Labor Code violations—that otherwise would be

5  sought by state labor law enforcement agencies." *Amalgamated Transit Union, Local 1756, AFL–CIO*

6  *v. Superior Court,* 46 Cal.4th 993, 1003, 95 Cal.Rptr.3d 605 (2009). "In a lawsuit brought under the act,

7  the employee plaintiff represents the same legal right and interest as state labor law enforcement

8  agencies—namely, recovery of civil penalties that otherwise would have been assessed and collected by

9  the Labor Workforce Development Agency. . . . The employee plaintiff may bring the action only after

10  giving written notice to both the employer and the Labor and Workforce Development Agency." *Arias*

11  *v. Superior Court*, 46 Cal.4th 969, 986, 95 Cal.Rptr.3d 588 (2009) (citations omitted).

12      TBC notes that the FAC's PAGA claim derives from and relies on establishment of California

13  Labor Code violations and that the FAC's predicate wage and hour claims have been remanded to the

14  Solano County Superior Court. TBC characterizes the FAC's PAGA claim and related allegations as

15  "merely recitations of PAGA" lacking "a single fact" to support "remaining elements of a claim for

16  PAGA penalties." TBC explains that "the underlying Labor Code violations must be decided before

17  PAGA penalties can be considered" and that "all that remains before this Court are mere recitations of

18  PAGA and Labor Code Sections which, standing alone, do not state a claim."

19      Ms. Wentz responds that the FAC's PAGA claim incorporates the FAC's other allegations to

20  assert "sufficient facts to support her PAGA claim" in that the FAC seeks to collect civil penalties for

21  Ms. Wentz and other aggrieved employees for California Labor Code violations and Industrial Welfare

22  Commission ("IWC") Wage Orders. Ms. Wentz points to the FAC's specific allegations of California

23  Labor Code and IWC Wage Order violations and supporting facts.

24      The gist of TBC's argument is that a bare PAGA claim fails in the absence of underlying wage

25  and hour and California Labor Code claims. TBC is correct. The PAGA claim derives from California

26  Labor Code claims. Without them, there is no substantive basis to assert a PAGA claim.

27      Ms. Wentz appears to recognize as much reluctantly and requests leave to amend. However, Ms.

28  Wentz points to nothing meaningful to address the dilemma of her missing, remanded predicate wage

6

1    and hour claims.  Ms. Wentz is unable to allege wage and hour or related claims separate from her

2    remanded claims.  Amendment cannot solve the problem of missing predicate claims.

3    **Stay**

4         Alternatively, TBC seeks a stay of this action pending resolution of the parallel Solano County

5    Superior Court action to promote economy and resources of this Court and the parties.  Ms. Wentz

6    argues that a stay is unwarranted based on a mere assertion of duplicative discovery and litigation arising

7    from this *Wentz* action and *In re Taco Bell*.

8         The "power to stay proceedings is incidental to the power inherent in every court to control the

9    disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for

10    litigants."  *Landis v. North American Co.*, 299 U.S. 248, 254, 57 S.Ct. 163 (1936).  Factors for

11    considering a stay include "the possible damage which may result from the granting of a stay, the

12    hardship or inequity which a party may suffer in being required to go forward, and the orderly course

13    of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law

14    which could be expected to result from a stay."  *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

15         Ms. Wentz argues that allowing her PAGA claim to proceed simultaneously with *In re Taco Bell*

16    would promote judicial efficiency and economy in that the underlying California Labor Code violations

17    that give rise to Ms. Wentz' PAGA claim are at issue in *In re Taco Bell*.  Ms. Wentz argues that

18    discovery conducted in *In re Taco Bell* could be applied to her PAGA claim to "streamline the litigation

19    process."  Ms. Wentz continues that a stay of this *Wentz* action would prejudice class members in *In re*

20    *Taco Bell* in that Ms. Wentz "is the only person who has authority to collect civil penalties for these

21    aggrieved employees for violations that occurred between January 13, 2011 and February 17, 2012."

22    Ms. Wentz notes that the *In re Taco Bell* plaintiffs "only have authority to seek civil penalties on behalf

23    of aggrieved employees for Labor Code violations between April 11, 2007 and May 1, 2008."

24         Ms. Wentz reveals her motivation to pursue her stand alone PAGA claim, that is, to expand

25    potential PAGA relief as to the *In re Taco Bell* plaintiffs.  Ms. Wentz provide no authority for such

26    position.  Any potential prejudice to the *In re Taco Bell* plaintiffs is a result of their particular situation

27    and beyond the contours of this limited *Wentz* action.  TBC is correct that the similarity of PAGA claims

28    in the two actions is unavailing given that Ms. Wentz' PAGA claim is "tied to liability which must be

1  established to her underlying Labor Code claims." Ms. Wentz fails to substantiate a stay based on the

2  relative positions of the parties in this *Wentz* action and *In re Taco Bell*.

3  ### *Concurrent Proceedings*

4  There are "circumstances permitting the dismissal of a federal suit due to the presence of a

5  concurrent state proceeding." *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 818, 96

6  S.Ct. 1236 (1976). "[E]xact parallelism . . . is not required. It is enough if the two proceedings are

7  'substantially similar.'" *Nakash v. Marciano*, 882 F.2d 1411, 1416 (9th Cir.1989).

8  "In assessing the appropriateness of dismissal in the event of an exercise of concurrent

9  jurisdiction, a federal court may also consider such factors as the inconvenience of the federal forum .

10  . .; the desirability of avoiding piecemeal litigation . . .; and the order in which jurisdiction was obtained

11  by the concurrent forums . . . . *Colorado River Water Conservation Dist.*, 424 U.S. at 818, 96 S.Ct.

12  1236. Other factors include whether "federal law provides the rule of decision on the merits" and

13  "probable inadequacy" of state-court proceedings to protect rights. *Moses H. Cone Memorial Hosp. v.*

14  *Mercury Const. Corp.*, 460 U.S. 1, 23, 26, 103 S.Ct. 927 (1983). "No one factor is necessarily

15  determinative; a carefully considered judgment taking into account both the obligation to exercise

16  jurisdiction and the combination of factors counselling against that exercise is required." *Colorado*

17  *River Water Conservation Dist.*, 424 U.S. at 818, 96 S.Ct. 1236. The factors are "to be applied in a

18  pragmatic, flexible manner with a view to the realities of the case at hand." *Moses H. Cone Memorial*

19  *Hosp.,* 460 U.S. at 21, 103 S.Ct. 927.

20  ### *Piecemeal Litigation*

21  TBC argues that avoidance of piecemeal litigation "overwhelmingly supports issuance of a stay."

22  "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts

23  and possibly reaching different results." *American Intern. Underwriters (Philippines), Inc. v.*

24  *Continental,* 843 F.2d 1253, 1258 (9th Cir. 1988).

25  TBC notes that Ms. Wentz must establish applicable California Labor Code liability to invoke

26  PAGA and that remand of predicate wage and hour claims precludes this Court to determine the requisite

27  underlying liability for the FAC's PAGA claim. TBC continues that the Solano County Superior Court

28  must first find underlying Labor Code liability before this Court may address the FAC's PAGA claim.

1    As such, TBC argues that a stay does not prejudice Ms. Wentz.

2          To address piecemeal litigation, Ms. Wentz again notes that she is only plaintiff with LWDA

3    authority to pursue PAGA civil penalties for January 13, 2011 to February 17, 2012 for certain class

4    members in *In re Taco Bell*.  Ms. Wentz accuses TBC of focusing merely on the Solano County Superior

5    Court action and not on *In re Taco Bell*.

6          Ms. Wentz fails to adequately address the piecemeal litigation issue other than to request remand

7    of the PAGA claim to the Solano County Superior Court action.  Separating the PAGA claim from its

8    predicate wage and hour and related claims is piecemeal litigation.

9                                      *Duplication*

10         TBC argues that without a stay, there would be duplicative discovery and litigation in that this

11   *Wentz* action and the Solano County Superior Court action address the same claims that TBC failed to

12   pay minimum wages and all wages due at termination, to reimburse business expenses and to provide

13   accurate wage statements along with retaliating against Ms. Wentz.  As such, TBC concludes that the

14   overlap will require duplicative efforts to address the same discovery, pretrial and dispositive issues in

15   two separate actions to burden TBC, to create a risk of inconsistency, and to require this Court to address

16   issues which may be rendered moot in the Solano County Superior Court action.

17         Ms. Wentz offers no meaningful challenge to TBC's points regarding duplication.   The

18   duplication of efforts in this *Wentz* action and the Solano County Superior Court action demonstrate the

19   impracticality of the two actions proceeding simultaneously.  Given the absence of predicate claims and

20   the impracticality of maintaining the stand alone PAGA claim, logic dictates to dismiss this action and

21   remand the remaining PAGA claim to the Solano County Superior Court.

22                              **CONCLUSION AND ORDER**

23         For the reasons discussed above, this Court:

24   1.        DISMISSES without prejudice this action and REMANDS the FAC's remaining PAGA

25             claim to the Solano County Superior Court where the FAC's other claims have been

26             remanded; and

27   / / /

28   / / /

9

1     2.    DIRECTS the clerk to take necessary action to remand the FAC's remaining PAGA

2     claim to Solano County Superior Court and to close this action.

3    IT IS SO ORDERED.

4  **Dated:**   **December 4, 2012**                    **/s/ Lawrence J. O'Neill**
                                 UNITED STATES DISTRICT JUDGE